No. 22-1436

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

_____

**Julio Rodriguez**,

Claimant-Appellant

v.

**Denis McDonough**,

Secretary of Veterans Affairs,

Respondent-Appellee.

_____

On Appeal from a Judgment
of the United States Court of Appeals for Veterans Claims
in No. 20-4016

_____

## BRIEF OF THE APPELLANT JULIO RODRIGUEZ

Respectfully submitted,
Julio Rodriguez

By His Attorneys,

ADAM R. LUCK, Esq.
Principal Counsel
GloverLuck, LLP
1700 Pacific Ave.
Suite 2220
Dallas, TX 75201
P: 214-741-2005
F: 214-741-2007
Adam@gloverluck.com

Of Counsel
AMANDA SUNDAY, Esq.
GloverLuck, LLP
1700 Pacific Ave., Suite 2220
Dallas, TX 75201
214-741-2005
Amanda@gloverluck.com

**FORM 9. Certificate of Interest**                                         Form 9 (p. 1)
                                                                           **July 2020**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 22-1436 |
| **Short Case Caption** | Rodriguez v. McDonough |
| **Filing Party/Entity** | Julio Rodriguez |

---

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/02/2022

Signature:   /s/ Adam R. Luck

Name:   Adam R. Luck

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Julio Rodriguez | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

Certificate of Interest

Table of Contents ............................................... i

Table of Authorities ............................................ ii

Statement of Related Cases .................................... v

Statement of Subject-Matter and Appellate Jurisdiction ......................................... 1

Statement of the Issues ........................................ 1

Statement of the Case .......................................... 2

    A. Statement of Facts, Course of Proceedings, and Disposition Below ............ 2

Summary of the Argument ..................................... 8

Argument ....................................................... 9

    A. Jurisdiction and standard of review ......................... 9

    B. The Veterans Court exceeded its authority when it answered a question of fact that the Board did not ........................................ 10

    C. The Veterans Court violated 38 U.S.C. § 7104(d)(1) and legal precedent when it determined that the Board addressed Mr. Rodriguez's argument that his February 2019 VA examination was inadequate ................................... 16

    D. The Veterans Court exceeded its authority when it made a factual finding in the first instance that Mr. Rodriguez's dizziness and vertigo claims were not inextricably intertwined with his tinnitus claim ......................................... 20

Conclusion and Request for Relief .................................. 24

# TABLE OF AUTHORITIES

## Cases

*Abels v. Wilkie*, 760 Fed. Appx. 998 (2019) ...................................... 14, 15

*Acevedo v. Shinseki*, 25 Vet. App. 286 (2012) ........................................ 13, 15, 23

*Andre v. Principi*, 301 F.3d 1354 (2002) ............................................... 10

*Ardison v. Brown*, 6 Vet. App. 405 (1994) ............................................ 13

*Bailey v. Wilkie*, 33 Vet. App. 188 (2021) ............................................. 21

*Barr v. Nicholson*, 21 Vet. App. 303 (2007) .......................................... 11

*Caluza v. Brown*, 7 Vet. App. 498 (1995) aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) .................................................................................. 14

*Checo v. Shinseki*, 748 F.3d 1373 (Fed. Cir. 2014) ............................... 17

*Coburn v. Nicholson*, 19 Vet. App. 427 (2006) ..................................... 15

*Conway v. Principi,* 353 F.3d 1369 (Fed. Cir. 2004) .............................. 9

*D'Aries v. Peake*, 22 Vet. App. 97 (2008) ............................................. 12, 16

*Deloach v. Shinseki*, 704 F.3d 1370 (Fed. Cir. 2013) ............................. 14, 15

*Ferguson v. Neighborhood Housing Servs.*, 780 F.2d 549 (6th Cir. 1986) ..... 17, 18

*Garrison v. Nicholson*, 494 F.3d 1366 (Fed. Cir. 2007) ......................... 10

*Gilbert v. Derwinski*, 1 Vet. App. 49 (1990) ......................................... 12

*Harris v. Derwinski*, 1 Vet. App. 180 (1991) ........................................ 20

*Harris v. Shinseki*, 704 F.3d 946 (Fed. Cir. 2013) ................................. 10

*Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009) rev'd and remanded on other grounds sub nom Henderson ex rel. *Henderson v. Shinseki*, 562 U.S. 428, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) ............................................................... 9

*Henderson v. West*, 12 Vet. App. 11 (1998) .................................................. 20, 22

*Hensley v. West*, 212 F.3d 1255 (Fed. Cir. 2000) .................................... 11, 12, 22

*McCray v. Wilkie*, 31 Vet. App. 243 (2019) .......................................................... 16

*Miller v. Wilkie*, 32 Vet. App. 249 (2020) ............................................................ 12

*Monzingo v. Shinseki*, 26 Vet. App. 97 (2012) ......................................... 13, 15, 23

*Nieves-Rodriguez v. Peake*, 22 Vet. App. 295 (2008) .......................................... 13

*Pederson v. McDonald*, 27 Vet. App. 276 (2015) ............................................... 13

*Robinson v. Mansfield*, 21 Vet. App. 545 (2008) .................................................. 16

*Robinson v. Peake*, 22 Vet. App. 381 (2009) ...................................................... 21

*Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009) ......................................... 16

*Sickels v Shinseki,* 643 F.3d 1362 (Fed. Cir. 2011) .................................. 18, 19, 20

*Smith v. Gober*, 236 F.3d 1370 (Fed. Cir. 2001) ............................................ 20, 22

*State Farm Mut. Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968) ............................................................................................................................... 18

*Stefl v. Nicholson*, 21 Vet. App. 120 (2007) ................................................. 13, 15

*Szemraj v. Principi*, 357 F.3d 1370 (Fed. Cir. 2004) ........................................... 16

*Tadlock v. McDonough*, 5 F.4th 1327 (Fed. Cir. 2021) ...................... 11, 12, 22, 23

*Tyrues v. Shinseki*, 23 Vet. App. 166 (2009) aff'd, 631 F.3d 1380 (Fed. Cir. 2011), vacated, 565 U.S. 802 (2011), reinstated as modified en banc, 26 Vet. App. 31 (2012), aff'd, 732 F.3d 1351 (Fed. Cir. 2013) ...................................................... 20

*United States v. Aviles-Solarzano*, 623 F.3d 470 (7th Cir. 2010) .......................... 17

*Veterans Just. Grp., LLC, v. Sec'y of Veterans Affs.*, 818 F.3d 1336, 1356 (Fed. Cir. 2016) ................................................................................................................ 21

**Statutes**

38 U.S.C. § 5103A ............................................................................................ 13, 23

38 U.S.C. § 5103A(d) ............................................................................................. 11

38 U.S.C. § 7104(d) ................................................................................................ 20

38 U.S.C. § 7104(d)(1) ............................................................................ 13, 16, 18, 19

38 U.S.C. § 7252 ...................................................................................................... 1

38 U.S.C. § 7252(a) .................................................................................................. 9

38 U.S.C. § 7252(b) .................................................................................................. 9

38 U.S.C. § 7261 ...................................................................................................... 9

38 U.S.C. § 7261(a) ............................................................................................ 10, 12

38 U.S.C. § 7261(c) ................................................................................................ 10

38 U.S.C. § 7292(a) .............................................................................................. 1, 9

38 U.S.C. § 7292(d)(1) ............................................................................................. 9

38 U.S.C. § 7292(e)(1) ............................................................................................. 9

**Rules**

38 C.F.R. § 3.306(a) .............................................................................................. 23

38 C.F.R. § 3.310(a) .......................................................................................... 22, 23

38 CFR § 21.1032 ................................................................................................... 13

## STATEMENT OF RELATED CASES

The undersigned counsel states that no other appeal has been taken in this case in or from the United States Court of Appeals for Veterans Claims, before this Court, or any other appellate court.

Counsel further states that he is unaware of any cases pending before this Court that are related to this challenge or may be affected by the Court's decision.

/s/ Adam R. Luck<br>
Adam R. Luck

## STATEMENT OF SUBJECT-MATTER AND
## APPELLATE JURISDICTION

On November 17, 2021, the United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the May 4, 2020, decision of the Board of Veterans' Appeals (Board) denying veteran Julio Rodriguez service connection for dizziness and vertigo. The Veterans Court exercised jurisdiction over Mr. Rodriguez's case pursuant to 38 U.S.C. § 7252. On December 9, 2021, the Veterans Court entered judgment in its decision. On January 21, 2022, Mr. Rodriguez timely appealed the judgment to this Court. This Court has jurisdiction pursuant to 38 U.S.C. § 7292(a). The issues on appeal are entirely issues of law. The order appealed from is final.

## STATEMENT OF THE ISSUES

1. Whether the Veterans Court exceeded its authority in making a factual finding that a VA medical examination was adequate.

2. Whether the Veterans Court erred in failing to follow precedent in determining that the Board addressed Mr. Rodriguez's argument regarding the adequacy of a VA medical examination.

3. Whether the Veterans Court exceeded its authority in determining that the issues of service connection for tinnitus and dizziness and vertigo were not inextricably intertwined.

1

## STATEMENT OF THE CASE

### A. Statement of Facts, Course of Proceedings, and Disposition Below.

Mr. Rodriguez had active service in the U.S. Army from May 6, 1980, to August 23, 1980, and from February 6, 2003, to December 18, 2003. Appx15; Appx23-24. He was honorably discharged. Appx15; Appx23-24.

On June 11, 2003, a service treatment record (STR) documents Mr. Rodriguez's report of "mild dizziness when he gets out of bed." Appx14.

Mr. Rodriguez underwent a computerized tomography (CT) scan of his head on June 22, 2011, due to his report of tinnitus and vertigo. Appx16. The scan was normal. *Id*. On July 26, 2011, he presented for medical treatment at the VA Medical Center (VAMC) El Paso, reporting "unilateral, sudden left tinnitus, which started months ago, left aural pressure, periodic dizziness described as lightheadedness, unsteadiness, spinning sensation, which also started at the same time the tinnitus commenced, and constant headache." Appx17-18. The VAMC treatment provider diagnosed him with left ear tinnitus and noted that although the June CT scan was normal, an ear, nose, and throat (ENT) consult was recommended to address his complaints. Appx18.

Mr. Rodriguez filed a claim for Department of Veterans Affairs (VA) disability benefits on October 26, 2015, for service connection for his tinnitus and "vertigo due to tinnitus." Appx20. The VA Regional Office (VARO) issued a

Rating Decision on March 29, 2016, denying Mr. Rodriguez's claims. Appx25-28.

With respect to Mr. Rodriguez's dizziness and vertigo claim, the VARO held that

because his claimed primary disability, tinnitus, was not service connected, service

connection on a secondary basis could not be established. Appx26. Mr. Rodriguez

timely filed a Notice of Disagreement (NOD) appealing the VARO's decision on

June 23, 2016. Appx29-31.

On February 13, 2019, Mr. Rodriguez underwent a VA medical examination

to evaluate his tinnitus. Appx32-36. At the examination, Mr. Rodriguez endorsed

"vertigo" described as daily episodes of lightheadedness and instability that began

approximately seven years ago. Appx35. He reported that his tinnitus "makes him

feel lightheaded." Appx36.

VA afforded Mr. Rodriguez a medical examination to assess his dizziness

and vertigo on February 22, 2019. Appx37-40. He was diagnosed with intermittent

dizziness as of 2011. Appx37. The VA examiner noted:

> The veteran states he gets dizzy and has ringing in his
> ears, worse on left since approximately 2011. He states
> when he gets up from a sitting position, he feels the room
> spinning around him and that he is about to lose his
> balance for about 5 mins and then he feels better.
> Sometimes he has to sit down to feel better. He reports he
> will have spinning sensation at time [*sic*] and
> lightheadedness at times.

Appx37-38. It was noted that he had episodes of vertigo about once a week. *Id*.

The VA examiner opined that Mr. Rodriguez's condition was less likely than not

related to his active service, citing to a 2011 ENT note that reflected "veteran is diagnosed with intermittent dizziness, not vertigo. That is a post service condition." Appx41.

The VARO issued a Statement of the Case (SOC) on March 16, 2019, continuing its prior adjudication of both claims. Appx42-71. Mr. Rodriguez timely filed a VA Form 10182 on May 10, 2019, appealing to the Board of Veterans' Appeals (Board). Appx72.

Mr. Rodriguez (through counsel) submitted arguments to the Board on August 5, 2019, disputing the adequacy of the VA medical examinations furnished to evaluate his claims. Appx73-82. He specifically averred that the examination evaluating his dizziness and vertigo was deficient for its failure to address the June 2003 STR documenting his in-service report of dizziness. Appx81-82.

The Board issued a decision on May 4, 2020, denying service connection for tinnitus and for dizziness and vertigo. Appx95-102. With respect to Mr. Rodriguez's tinnitus claim, the Board stated that he had not proffered any "medical evidence linking the development of his tinnitus condition later in his life to service." Appx101. The Board acknowledged Mr. Rodriguez's argument that his February 2019 VA examination was inadequate but expressly found the examination to be adequate. *Id*.

The Board denied Mr. Rodriguez's dizziness and vertigo claim, finding the adverse "February 2019 VA examination and the absence of medical and lay evidence suggesting a relation of his dizziness in service to his current dizziness or vertigo condition to be persuasive and of the greatest probative value." *Id.* According to the Board, it was "apparent that the Veteran dizziness [*sic*] and vertigo condition occurred several years after service"; therefore, service connection was not warranted. *Id.*

On appeal to the Veterans Court, Mr. Rodriguez argued that the Board failed to address his expressly raised argument that the February 2019 audiology examination was inadequate and without explanation found the examination to be adequate. Appx115-117. He further argued that the Board erred in relying on the February 2019 audiological examination to deny his tinnitus claim, because it was inadequate. *Id.* The Secretary conceded that remand was warranted because the Board erred by failing to address Mr. Rodriguez's specifically raised arguments. Appx129-130.

Regarding his dizziness and vertigo, Mr. Rodriguez argued that the Board's statement of reasons or bases was inadequate because it failed to address his expressly raised argument that the February 2019 VA medical examination addressing his dizziness and vertigo was inadequate, which deprived him of his right to participate in the processing of his appeal. Appx112-115. The Secretary

conceded this point but argued that the Board's error was nonprejudicial because the Board relied on the VA examiner's opinion to deny direct service connection. Appx130-134. Mr. Rodriguez further averred that the Board needed to obtain additional medical evidence pursuant to its duty to assist the veteran before it decides his case. Appx141.

He also argued that the Board erred in relying on the February 2019 VA medical examination because the examination was inadequate. Appx112-115. He averred that, in consideration of whether his condition was directly related to his active service, the VA examiner failed to address the 2003 STR documenting his in-service report of dizziness; this constituted a failure to consider his medical history and rendered the examiner's rationale based on an inaccurate factual premise. Appx114-115. He further averred that the Board denied service connection of his dizziness and vertigo conditions but the VA examiner only opined as to whether his vertigo was related to service without explaining how that is relevant to his dizziness condition. Appx115.

The Veterans Court vacated the Board's denial of service connection for tinnitus in its November 2021 Memorandum Decision. Appx4-6. It accepted the parties' agreement that the Board erred by failing to address Mr. Rodriguez's "specifically raised argument that the February 2019 tinnitus examination was inadequate." Appx5. It stated that the Board's "one-sentence statement regarding

the adequacy of the 2019 VA examination for tinnitus is nonresponsive to the appellant's argument and renders the Board's reasons or bases inadequate." *Id*.

The Veterans Court affirmed the Board's determination that Mr. Rodriguez's dizziness and vertigo were not connected to his military service. Appx6-8. It found that the Board did address Mr. Rodriguez's argument that the VA medical examination was inadequate and implicitly found the examination adequate when it assigned probative value to it and relied on it to deny Mr. Rodriguez's claim. Appx6-7. The Veterans Court found that the Board's reasons or bases for its implicit determination were adequate "because the Board acknowledged the appellant's in-service complaint of dizziness in 2003 and adequately explained why his current disability is not related to the in-service dizziness complaint but instead began with his 2011 diagnosis of intermittent dizziness." *Id*.

The Veterans Court next found Mr. Rodriguez's argument that the VA medical examination was inadequate to be unavailing, because there is no reasons or bases requirement imposed on VA medical examiners, and the rationale provided met the "correct facts and reasoned medical judgment" standard by "considering the appellant's history of dizziness to conclude that the appellant had a diagnosis of intermittent dizziness that was not related to his service." Appx7. The Veterans Court stated that the VA examiner relied on Mr. Rodriguez's

subjective report of onset in 2011, a report "the Board found implicitly credible," and the examiner "was not required to comment specifically on the 2003 report of dizziness." Appx7-8. According to the Veterans Court, the VA examiner distinguished between dizziness and vertigo, explaining that Mr. Rodriguez had been diagnosed with intermittent dizziness in 2011, but his current claimed condition was vertigo, "thereby reporting the onset of his symptoms of vertigo in 2011," then concluded, based on an ENT note from October 2011, that Mr. Rodriguez had "'intermittent dizziness, not vertigo,' and that this was a postservice condition." Appx7.

Mr. Rodriguez appealed from the Veterans Court's judgment. Appx9.

## SUMMARY OF THE ARGUMENT

The Veterans Court legally erred in affirming the Board's decision. The Veterans Court should have vacated the decision and remanded the case to the Board with instructions to provide a statement of reasons or bases to justify its own determination of adequacy sufficient for judicial review and expressly address Mr. Rodriguez's dispute of the adequacy of the February 2019 VA medical examination. Instead of doing this, the Veterans Court erroneously substituted its own rationale for the Board's and impermissibly forged its own factual findings to characterize the examination as adequate.

The Veterans Court further erred in violating its own caselaw in remanding Mr. Rodriguez's claim for service connection for tinnitus but not his dizziness and vertigo claim when the two were inextricably intertwined.

## ARGUMENT

### A. Jurisdiction and standard of review.

In an appeal from a decision by the Veterans Court, this Court reviews all relevant questions of law de novo. 38 U.S.C. § 7292(a), (d)(1); *Conway v. Principi,* 353 F.3d 1369, 1372 (Fed. Cir. 2004). If the decision of the Veterans Court is not in accordance with law, this Court may modify, reverse, or remand the matter, as appropriate. 38 U.S.C. § 7292(e)(1).

The Veterans Court has jurisdiction "to review decisions of the Board . . . on the record of the proceedings before the Secretary and the Board." 38 U.S.C. § 7252(a), (b); *see also Henderson v. Shinseki,* 589 F.3d 1201, 1212 (Fed. Cir. 2009) *rev'd and remanded on other grounds sub nom Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) ("[T]he Veterans Court reviews each case that comes before it on a record that is limited to the record developed before the RO and the Board."). The Veterans Court's jurisdiction to review the Board is further "limited to the scope provided in section 7261 of [Title 38]." 38 U.S.C. § 7252(b). Section 7261 allows the Veterans Court to review "questions of law de novo, questions of fact for clear error, and certain

other issues under the 'arbitrary, capricious, abuse of discretion, not otherwise in accordance with law' standard." *Garrison v. Nicholson*, 494 F.3d 1366, 1368 (Fed. Cir. 2007) (quoting 38 U.S.C. § 7261(a)). Section 7261(c) "prohibits the Veterans Court from making factual findings in the first instance." *Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002).

The Veterans Court's failure to apply the correct legal standard and follow controlling law in reviewing Board decisions constitutes legal error. *See Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013) ("[W]e may review whether the Veterans Court failed to consider a controlling rule of law in reaching its decision.").

## B. The Veterans Court exceeded its authority when it answered a question of fact that the Board did not.

The Board's analysis supporting its denial of Mr. Rodriguez's claim for service connection and vertigo was two sentences in length. It stated:

> [T]he Board finds that the February 2019 VA examination and the absence of medical and lay evidence suggesting a relation of his dizziness in service to his current dizziness or vertigo condition to be persuasive and of the greatest probative value. It is apparent that the Veteran dizziness [*sic*] and vertigo condition occurred several years after service and therefore service connection is not warranted.

Appx101.

The Veterans Court's affirmance was much lengthier, with over two full pages of analysis avowing legitimacy in the Board's two sentences. Appx6-8. The Veterans Court expressly held that the February 2019 VA medical opinion "was adequate" because it considered Mr. Rodriguez's medical history and records and included a physical examination; thus, it "was based on reasoned medical judgment and sufficiently informed the Board to help it consider whether service connection was warranted." Appx7-8.

The obligation to furnish an adequate medical examination is a tenet of VA's statutory duty to assist the claimant. *See* 38 U.S.C. § 5103A(d) (directing that in certain circumstances, as part of its duty to assist claimants, VA must provide a medical examination); *see also Barr v. Nicholson*, 21 Vet. App. 303, 311 (2007) ("[O]nce the Secretary undertakes the effort to provide an examination [or opinion,] . . . he must provide an adequate one.").

In holding that the February 2019 VA medical opinion was "adequate," the Veterans Court answered a question that the Board never did. *See id*. This is violative of this Court's express proscription of factfinding by the Veterans Court. *See Tadlock v. McDonough*, 5 F.4th 1327 (Fed. Cir. 2021); *see also Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) (noting that "appellate tribunals are not appropriate fora for initial fact finding" and that a remand is appropriate if the

11

lower adjudicative body "failed to make findings of fact essential to the decision.").

In *Tadlock*, this Court reviewed the Veterans Court's decision and noted that its holding answered a question that the agency never did. *See* 5 F.4th at 1338 ("Neither the Board nor the VA here considered whether Tadlock's condition was characterized by overlapping symptoms or signs."). Because the question was one statutorily allocated to the agency and not the Veterans Court, the Veterans Court exceeded its jurisdiction, and this Court ordered vacatur and remand. *Id*. at 1340.

Whether an examination is adequate is a factual question for the Board to answer in the first instance. *See* 38 U.S.C. § 7261(a)(4); *see also D'Aries v. Peake*, 22 Vet. App. 97, 103 (2008); *Gilbert v. Derwinski*, 1 Vet. App. 49, 52 (1990). While the Veterans Court can review the Board's answer to that factual question for clear error, it may not answer the question on its own. *See Miller v. Wilkie*, 32 Vet. App. 249, 254 (2020) ("As for our review, the adequacy of a medical examination is a finding of fact that we review under the "clearly erroneous" standard."). Because the Board never made a factual finding that the February 2019 VA medical opinion was "adequate," the Veterans Court exceeded its jurisdiction by making that determination in the first instance in violation of *Tadlock*. *See* 5 F.4th at 1338.

12

The Veterans Court attempted to shield its factual finding from review by stating that the Board "implicitly found" the February 2019 VA medical opinion adequate. Appx6-7. This is not so. The Board's description of the February 2019 VA medical opinion as "persuasive" and of great "probative value" is separate from the far more exacting factual inquiry of adequacy, which is rooted in and shaped by VA's duty to assist statute, its implementing regulation, and a vast body of jurisprudence from the Veterans Court.[1] While the Board may use an analysis of the persuasive/probative value of evidence to *support* its material determination of fact, it cannot be used as the factual finding's substitute nor left as a breadcrumb leading towards an implied factual finding. *See* 38 U.S.C. § 7104(d)(1); *Pederson v. McDonald*, 27 Vet. App. 276, 286 (2015) (en banc) (The Board must support its material determinations of fact and law with adequate reasons or bases); *see also*

---

[1] *See* 38 U.S.C. § 5103A; *see also* 38 CFR § 21.1032. A VA medical examination or opinion is adequate "where it is based upon consideration of the veteran's prior medical history and examinations," *Stefl v. Nicholson*, 21 Vet. App. 120, 123 (2007), "describes the disability . . . in sufficient detail so that the Board's 'evaluation of the claimed disability will be a fully informed one'," *id.* (quoting *Ardison v. Brown*, 6 Vet. App. 405, 407 (1994)), and "sufficiently inform[s] the Board of a medical expert's judgment on a medical question and the essential rationale for that opinion," *Monzingo v. Shinseki*, 26 Vet. App. 97, 105 (2012). *See Acevedo v. Shinseki*, 25 Vet. App. 286, 293 (2012) ("[A]n adequate medical report must rest on correct facts and reasoned medical judgment so as [to] inform the Board on a medical question and facilitate the Board's consideration and weighing of the report against any contrary reports."); *Nieves-Rodriguez v. Peake*, 22 Vet. App. 295, 301 (2008) ("[A] medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two.").

*Caluza v. Brown*, 7 Vet. App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table).

This Court has vacated the Veterans Court's initial factfinding specifically in the context of VA's statutory duty to assist. *See Abels v. Wilkie*, 760 Fed. Appx. 998 (2019). In *Abels*, the Board denied service connection for Mr. Abels's claimed disabilities. *Id*. at 999. Mr. Abels argued on appeal to the Veterans Court that the agency had failed in executing its duty to assist because it neglected to obtain private medical records. *Id*. The Veterans Court held that VA had not violated its duty to assist, as the records in question were not relevant to his claim. *Id*. at 1000.

On review, this Court held that the Veterans Court erred in making the relevance determination—a finding "that must be made in the first instance by a finder of fact, in this case the Board of Veterans' Appeals." *Id*. at 1001. Because the relevance determination turns on "'the evaluation and weighing of evidence'" it was an inquiry allocated solely to the Board, and the Veterans Court must only "'review the Board's weighing of the evidence; it may not weigh any evidence itself.'" *Id*. at 1002 (quoting *Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013)). Thus, because the Board "made no such finding," the Veterans Court made the relevance finding on its own, and in so doing exceeded its authority. *Id*. at 1001-02.

14

The adequacy determination made in Mr. Rodriguez's case is tantamount to the relevance determination made in Mr. Abels's case – a question for the factfinder that turns on "'the evaluation and weighing of evidence.'" *See id*. at 1002; *see Deloach,* 704 F.3d at 1380. The Veterans Court surveyed the February 2019 VA medical opinion and held that it met the adequacy standard because it considered Mr. Rodriguez's medical history, explained the temporal significance of the diagnoses of record, was premised on a physical examination and review of a CT scan, and referenced treatment records; thus, it "was based on reasoned medical judgment and sufficiently informed the Board" on a medical question. Appx7-8. In support of its determination, the Veterans Court cited to its case law directing the *factfinder* on how to ascertain adequacy. *See id*. (citing *Monzingo*, 26 Vet. App. at 105; *Acevedo*, 25 Vet. App. at 293; *Stefl*, 21 Vet. App. at 123; *Coburn v. Nicholson*, 19 Vet. App. 427, 432 (2006)).

Thus, because the Board never determined that the February 2019 VA medical opinion met the adequacy standard, the Veterans Court's independent assessment of the opinion and attendant adequacy determination were in excess of its authority. *See Abels*, 760 Fed. Appx. at 1001-02.

**C. The Veterans Court violated 38 U.S.C. § 7104(d)(1) and legal precedent when it determined that the Board addressed Mr. Rodriguez's argument that his February 2019 VA examination was inadequate.**

38 U.S.C. § 7104(d)(1) requires that each decision of the Board include the reasons or bases for the Board's findings and conclusions on "all material issues of fact and law present on the record." Indeed, this Court and the Veterans Court have held that the Board is required to address all issues and theories that are reasonably raised by the claimant or the evidence of record. *Robinson v. Mansfield*, 21 Vet. App. 545, 552 (2008), *aff'd sub nom. Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009); *see also McCray v. Wilkie*, 31 Vet. App. 243, 257-258 (2019) (holding that when the veteran's arguments attacking the underlying evidence on which the VA medical opinion was based were of record when the Board made its decision, "the Board was obligated to address the issue when assessing the probative value and adequacy of the […] medical opinion"); *D'Aries*, 22 Vet. App. at 107 (the Board must explain its assessment of medical evidence in a manner adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in the Court); *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004).

As an initial matter, Mr. Rodriguez notes that in briefing to the Veterans Court, the parties agreed on two important aspects of the Board's decision: 1) That the Board failed to address his specifically raised argument that the February 2019

VA audiological examination was inadequate; and 2) that the Board failed to address his specifically raised argument that the February 2019 dizziness and vertigo examination was inadequate. Appx112-117; Appx129-134; Appx139-142.

While the Veterans Court accepted the Secretary's concession that the Board failed to address Mr. Rodriguez's specifically raised argument regarding the adequacy of his VA examination for his tinnitus claim, it refused to accept the same concession of error by the Secretary regarding the adequacy of the VA examination for his dizziness and vertigo claims. Appx6 ("[T]he Board *did* address the appellant's argument that the examination was inadequate, but the Board did not find it persuasive") (emphasis added). However, given the similarities between the arguments made and the Secretary's concessions of error, it is unclear why the Veterans Court refused to accept the Secretary's concession on such a material fact in Mr. Rodriguez's dizziness and vertigo claim. *See Checo v. Shinseki*, 748 F.3d 1373, 1378 n.5 (Fed. Cir. 2014) (expressing puzzlement at Veterans Court's "reluctance" to accept a VA concession on a material fact); *see also e.g., United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010) ("Nothing is more common than for parties by stipulation formal or informal to agree to facts that, were it not for the stipulation, would have to be proved by evidence, in this case a judicial record."); *Ferguson v. Neighborhood Housing Servs.*, 780 F.2d 549, 551 (6th Cir. 1986) ("[U]nder federal law, stipulations and admissions in the pleadings

are generally binding on the parties and the Court.") (citation omitted); *State Farm Mut. Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968) ("The purpose of a judicial admission is that it acts as a substitute for evidence in that it does away with the need for evidence in regard to the subject matter of the judicial admission.") (citation omitted).

The Veterans Court sidestepped the parties' agreement that the Board did not address Mr. Rodriguez's specifically raised argument that the February 2019 VA examination was inadequate by finding that the Board "implicitly" found the examination adequate when it assigned it probative value and relied on it to deny appellant's claim.[2] Thus, according to the Veterans Court, implicit findings made without explanation are not erroneous while expressly made findings that are equally as conclusory warrant remand. Appx6-7.

However, 38 U.S.C. § 7104(d)(1) requires the Board's decisions to include a written statement of the reasons or bases for its findings and conclusions. In *Sickels v. Shinseki*, the Board found that the VA satisfied its duty to assist Mr. Sickels and that the VA medical opinions obtained satisfied the Board's previous remand

---

[2] Notably, the Board also relied on the February 2019 VA audiological examination to deny service connection for Mr. Rodriguez's tinnitus without addressing Mr. Rodriguez's specifically raised arguments regarding the examination's inadequacy but the Veterans Court found that the Board's express conclusory finding that the examination was adequate was remandable error. Appx5.

order. 643 F.3d 1362 (Fed. Cir. 2011). Mr. Sickels appealed to the Veterans Court arguing that the Board violated section 7104(d)(1) because it failed to address his argument that the VA medical opinions obtained were not sufficiently informed. *Id*. The Veterans Court rejected his argument and he appealed. *Id*. at 1365.

Mr. Sickles argued to this Court that the Board may not implicitly find a VA medical opinion to be adequate, but must always explicitly explain why each medical opinion is adequate in order to satisfy its statutory duty under section 7104(d)(1). *Id*. at 1365.[3] This Court held that the Board is not mandated by section 7104(d) to give reasons and bases for concluding that a medical examiner is competent *unless* the issue is raised by the veteran. *Id*. at 1366.

The Veterans Court seems to understand section 7104(d)(1) to only require the Board to provide reasons or bases for its findings and conclusions regarding a veteran's *claim*. A standard that, according to the Veterans Court, can be met through implicit findings. However, this is an incorrectly narrow reading of section 7104(d)(1) because the statute requires the Board to provide written reasons or bases regarding all material *issues* of fact and law presented on the record.

Here, Mr. Rodriguez expressly raised the issue that the VA medical opinion was inadequate but, as conceded by the Secretary, the Board did not address the opinion's adequacy. The Veterans Court's attempt to salvage the shortcomings of

---

[3] This Court noted that this is a legal question over which it has jurisdiction. *Id*.

the Board's decision with a determination that the Board "implicitly" found the

examination to be adequate runs afoul of this Court's holding in *Sickles*. *See* 643

F.3d at 1366. Because Mr. Rodriguez expressly raised the issue, the Board was

required under section 7104(d) to give reasons and bases for its conclusion that the

VA examination was adequate and may not avoid addressing the issue through

implied findings. *See Sickels*, 643 F.3d at 1366.

> **D. The Veterans Court exceeded its authority when it made a factual finding in the first instance that Mr. Rodriguez's dizziness and vertigo claims were not inextricably intertwined with his tinnitus claim.**

Claims may be considered "inextricably intertwined" when a decision on

one issue would have a "significant impact" on another issue. *Harris v. Derwinski*,

1 Vet. App. 180, 183 (1991) *overruled on other grounds by Tyrues v. Shinseki*, 23

Vet. App. 166 (2009) (en banc), *aff'd*, 631 F.3d 1380 (Fed. Cir. 2011), *vacated*,

565 U.S. 802 (2011), *reinstated as modified en banc*, 26 Vet. App. 31 (2012) (per

curiam order), *aff'd*, 732 F.3d 1351 (Fed. Cir. 2013). Claims that are inextricably

intertwined should be adjudicated together. *Smith v. Gober*, 236 F.3d 1370, 1372

(Fed. Cir. 2001).

Importantly, the Veterans Court has highlighted that when one condition is

alleged to be secondary to another condition, they are inextricably intertwined.

*Henderson v. West*, 12 Vet. App. 11, 20 (1998). The Veterans Court has further

noted VA's longstanding general practice of identifying and adjudicating issues

20

and claims that "logically relate" to a pending claim for a primary condition and held that VA is obligated to develop and adjudicate claims for secondary service connection that are raised during the processing of a properly initiated claim as to the primary disability. *See Bailey v. Wilkie*, 33 Vet. App. 188, 201 (2021) (quoting *Veterans Just. Grp., LLC, v. Sec'y of Veterans Affs.*, 818 F.3d 1336, 1356 (Fed. Cir. 2016)); *see also Robinson v. Peake*, 21 Vet. App. 545, 552 (2008) (requiring the Board to address all issues explicitly raised by the claimant or reasonably raised by the record).

As noted above, Mr. Rodriguez claimed his dizziness and vertigo as secondary to his tinnitus. Appx20. The Board denied service connection for these claims on a direct basis, concluding that the disabilities were not incurred in or a result of the veteran's military service. Appx100-102. The Veterans Court vacated and remanded the Board's denial of service connection for Mr. Rodriguez's primary condition—tinnitus—because the Board failed to address his specifically raised argument that the examination was inadequate but affirmed the Board's denial of direct service connection for the claimed secondary conditions—dizziness and vertigo—concluding that the VA examination relied on by the Board was adequate. Appx4-8.

Whether claims are inextricably intertwined or "logically related" is a question of fact, and where additional findings of fact are necessary regarding

21

matters open to debate, the proper action for this Court is to remand the case to the Veterans Court to remand it to the Board to make that factual finding in the first instance. *Tadlock*, 5 F.4th 1327, 1337-38; *Hensley*, 212 F.3d at 1264. Because the Veterans Court failed to remand Mr. Rodriguez's dizziness and vertigo along with the tinnitus claim, it implicitly found that the claims were not inextricably intertwined; i.e. that readjudication of his tinnitus claim would not have a significant impact on the adjudication of his dizziness and vertigo, which was claimed as secondary to his tinnitus. Appx20. This is evident given this Court's precedent that inextricably intertwined claims should be adjudicated together and the Veterans Court's caselaw noting that claims alleged to be secondary to another condition are inextricably intertwined. *Smith*, 236 F.3d at 1372; *Henderson*, 12 Vet. App. at 20.

However, because the Board erroneously denied service connection of Mr. Rodriguez's tinnitus it failed to consider whether his dizziness and vertigo disabilities were secondary to that condition under 38 C.F.R. § 3.310(a). Thus, because it remanded the issue of service connection for tinnitus back to the Board, the proper course for the Veterans Court was to also remand the secondary claims of dizziness and vertigo for the Board to determine if they are inextricably intertwined with the primary tinnitus claim, thereby requiring readjudication under 38 C.F.R. § 3.310(a). *See Tadlock*, 5 F.4th at 1337-38.

The Veterans Court's error was prejudicial because the Board's readjudication of his tinnitus claim necessarily will have a "significant impact" on the secondary claims of dizziness and vertigo. If service connection is granted for his tinnitus, the Board would be required to consider dizziness and vertigo under the framework for secondary service connection under 38 C.F.R. § 3.310(a) rather than for direct service connection under 38 C.F.R. § 3.306(a). This would include ensuring VA's duty to assist Mr. Rodriguez in developing his claim for secondary service connection under 38 U.S.C. § 5103A was satisfied. This issue is particularly germane, because the Veterans Court's caselaw establishes that the medical examiner must provide sufficient rationale to inform the Board on a medical question critical to the case at bar. *See Monzingo*, 26 Vet. App. at 105; *see also Acevedo*, 25 Vet. App. at 293. However, one of the medical questions presented in this case is whether Mr. Rodriguez's dizziness and vertigo are secondary to tinnitus. The February 2019 VA medical opinion that, according to the Veterans Court, was adequate, did not answer this medical question.

The Veterans Court's determination that Mr. Rodriguez's dizziness and vertigo claim is not inextricably intertwined with his tinnitus was made in excess of its jurisdiction; thus, vacatur and remand are warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Given the legal errors of the Veterans Court in its initial factfinding and failure to follow precedent, the decision of the Veterans Court should be vacated and the case remanded back to the Board to ascertain whether the VA medical examination was adequate—and address Mr. Rodriguez's arguments regarding its inadequacy—and whether the tinnitus and dizziness and vertigo claims are inextricably intertwined. Appellant therefore asks that this Court take jurisdiction of this matter and vacate the decision of the Veterans Court and remand with instructions that it direct the Board to address the aforementioned points.

Respectfully submitted,


June 3, 2022                     /s/ Adam R. Luck
Date                            Adam R. Luck
                                Principal Counsel for Appellant
                                GloverLuck, LLP
                                1700 Pacific Avenue, Suite 2220
                                Dallas, TX  75201
                                P: (214) 741-2005| F: 214-741-2007
                                Adam@gloverluck.com

June 3, 2022                     /s/ Amanda Sunday
Date                            Amanda Sunday
                                Of Counsel for Appellant
                                GloverLuck, LLP
                                1700 Pacific Avenue, Suite 2220
                                Dallas, TX  75201
                                P: (214) 741-2005 | F: 214-741-2007
                                Amanda@gloverluck.com

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a) and Federal Circuit Rule 32.

This brief contains 5,788 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in 14 point font, Times New Roman.

<u>/s/ Adam R. Luck</u>
Adam R. Luck
Principal Counsel for Appellant
GloverLuck, LLP
1700 Pacific Avenue, Suite 2220
Dallas, TX  75201
P: (214) 741-2005
F: 214-741-2007
Adam@gloverluck.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, the foregoing document was

electronically filed via CM/ECF with the Clerk, United States Court of Appeals for

the Federal Circuit, which served copies of the document electronically on all

counsel of record.

/s/ Adam R. Luck
Adam R. Luck
Principal Counsel for Appellant
GloverLuck, LLP
1700 Pacific Avenue, Suite 2220
Dallas, TX  75201
P: (214) 741-2005
F: 214-741-2007
Adam@gloverluck.com

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No.  20-4016

JULIO RODRIGUEZ, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before MOORMAN, *Senior Judge*.[1]

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

MOORMAN, *Senior Judge*: The appellant, Julio Rodriguez, appeals through counsel a May 4, 2020, decision of the Board of Veterans' Appeals (Board) that denied entitlement to service connection for tinnitus and to service connection for dizziness and vertigo.[2] Record (R.) at 4-12. Both parties have filed briefs, and the appellant has filed a reply brief.  This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. § 7252(a). Single-judge disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). For the following reasons, the Court will affirm, in part, and vacate, in part, the Board's May 2020 decision and remand the matter for further proceedings consistent with this decision.

---

[1] Judge Moorman is a Senior Judge acting in recall status. *In re Recall of Retired Judge*, U.S. VET. APP. MISC. ORDER 02-21 (Jan. 4, 2021).

[2] The Board also denied entitlement to service connection for left knee meniscus tear and to service connection for right knee meniscus tear. Mr. Rodriguez does not challenge these determinations, and the Court deems any appeal of those matters abandoned. *See Pederson v. McDonald*, 27 Vet.App. 276, 285 (2015) (en banc) (holding that issues not argued on appeal may be deemed abandoned, and the appeal as to those matters dismissed).

# I. BACKGROUND

Mr. Rodriguez had service in the U.S. Army Reserve from April 8, 1980, to February 28, 2010, including active service in the U.S. Army from May 1980 to August 1980 and February 2003 to December 2003. R. at 1249, 1286-87. In May 2003, an audiological examiner noted that Mr. Rodriguez was routinely exposed to noise during service and that he had left and right ear hearing levels of 35 decibels (dB) at 6000 Hertz (Hz), R. at 1613, indicating a threshold shift of 20 dB at 6000 Hz in the right ear and 25 dB at 6000 Hz in the left ear since his March 1980 enlistment examination, R. at 1792. While on active duty in June 2003, Mr. Rodriguez sustained a shoulder injury requiring surgery, and in a follow-up consultation, he reported mild dizziness when getting out of bed. R. at 1460.

During an audiological evaluation in July 2011, Mr. Rodriguez was diagnosed with left ear tinnitus. R. at 1078-79, 1447-48. At this time, he also complained of "periodic dizziness described as lightheadedness, unsteadiness, [and a] spinning sensation" that began several months prior, coinciding with the onset of his tinnitus symptoms. R. at 1078, 1447. He answered "yes" to the VA intake question "[d]o you lose your balance because of dizziness or do you ever lose consciousness" in June 2012, R. at 1007, April 2014, R. at 935, and April 2015, R. at 917.

Mr. Rodriguez, in October 2015, filed a claim for service connection for tinnitus and "vertigo due to tinnitus." R. at 1436-39. In March 2016, the regional office (RO) denied both claims, finding that tinnitus was not related to service. R. at 1266-77. Mr. Rodriguez filed a Notice of Disagreement (NOD) in June 2016, disputing, among other claims, the RO's decisions denying service connection for tinnitus and vertigo. R. at 1230-33.

In February 2019, Mr. Rodriguez had an examination for hearing loss and tinnitus, at which he reported feeling "lightheaded and unstable" from vertigo "daily and spontaneously" for the past 7 years. R. at 735. The examiner found that "[t]hese symptoms do not fit typical ear [-] related issues," and she noted that there was no diagnosis of vertigo in Mr. Rodriguez's service treatment records (STRs). *Id.* Regarding his tinnitus, Mr. Rodriguez reported daily bilateral ringing for the past 7 years that made him feel lightheaded. R. at 735-36. The examiner concluded that, because Mr. Rodriguez had "normal hearing at separation" and reported that his tinnitus began 7 years ago, his tinnitus was less likely than not caused by or the result of military noise exposure. *Id.*

That same month, Mr. Rodriguez attended a VA ear conditions examination, at which he reported experiencing vertigo since approximately 2011 and symptoms of dizziness,

lightheadedness, and ringing in his ears. R. at 688-89. He was taking meclizine as needed to manage these symptoms and stated that his vertigo occurred weekly. R. at 689. The examiner stated that Mr. Rodriguez had "been diagnosed with an ear or peripheral vestibular condition," namely, "intermittent dizziness" in 2011, R. at 681, 688, and this condition impacted his ability to work, R. at 683 ("He has to stop his activities and sit to prevent falls when he gets dizzy."). However, the examiner found it less likely than not that Mr. Rodriguez's claimed condition of vertigo incurred in or was caused by an in-service injury, event or illness. R. at 687. The examiner relied heavily on his prior medical history, stating: "Per ENT note of 2011 above, veteran has intermittent dizziness, not vertigo. That is a post service condition." R. at 687, 691.

The RO issued a Statement of the Case (SOC) in March 2019, denying service connection for tinnitus and for vertigo as secondary to tinnitus. R. at 443-69. In May 2019, Mr. Rodriguez appealed all issues included in the March 2019 SOC to the Board and opted in to the Rapid Appeals Modernization Program (RAMP). R. at 221. In August 2019, he submitted a brief in support of his claim before the Board, arguing that the two February 2019 VA examinations for tinnitus and "dizziness and vertigo" were inadequate, requiring remand for new examinations. R. at 204-06.

In the May 4, 2020, decision here on appeal, the Board denied service connection for tinnitus because Mr. Rodriguez's STRs did not show ringing in his ears during service, and he did not provide medical evidence connecting his current tinnitus to his time in service. R. at 11. The Board "acknowledge[d] that the Veteran requested a remand of this issue due to an inadequate medical examination," but the Board found the examination adequate. *Id*. The Board also found that service connection for dizziness and vertigo was not warranted because, despite a single report of in-service dizziness in June 2003, his current symptoms did not begin until after service and therefore, "the preponderance of the evidence [was] against this claim." *Id*. In reaching this conclusion, the Board found the "February 2019 VA examination and the absence of medical and lay evidence suggesting a relation of his dizziness in service to his current dizziness or vertigo condition to be persuasive and of the greatest probative value." *Id*.

## II. ANALYSIS

Establishing service connection generally requires (1) medical evidence of a current disability (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury and (3) medical evidence of a nexus between the claimed in-

service disease or injury and the present disability. *See Hickson v. West*, 12 Vet.App. 247, 253 (1999); *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table).

The Board's determinations regarding service connection are findings of fact subject to the "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *see D'Aries v. Peake*, 22 Vet.App. 97, 104 (2008); *Nolen v. Gober*, 14 Vet.App. 183, 184 (2000). "A factual finding 'is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

In every decision, the Board must analyze the credibility and probative value of the material evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for rejecting any material evidence favorable to the claimant. *Caluza*, 7 Vet.App. at 506. Moreover, the Board must provide a statement of the reasons or bases for its determination "adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court." *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990).

When VA seeks to obtain a medical opinion, the Secretary must ensure that the opinion provided is adequate*. Barr v. Nicholson*, 21 Vet.App. 303, 311 (2007). A VA medical opinion is adequate "where it is based upon consideration of the veteran's prior medical history and examinations," *Stefl v. Nicholson*, 21 Vet.App. 120, 123 (2007), "describes the disability . . . in sufficient detail so that the Board's 'evaluation of the claimed disability will be a fully informed one,'" *id.* (quoting *Ardison*, 6 Vet.App. at 407), and "sufficiently inform[s] the Board of a medical expert's judgment on a medical question and the essential rationale for that opinion," *Monzingo v. Shinseki*, 26 Vet.App. 97, 105 (2012) (per curiam).

A.  Service Connection for Tinnitus

The appellant argues that, despite specifically asserting before the Board that the February 2019 tinnitus examination was inadequate because "the examiner conflat[ed] the etiology of hearing loss with [that of] tinnitus despite the fact that they are separate conditions" and "increas[ed] the veteran's burden to establish service connection for his tinnitus by first requiring in-service hearing loss," R. at 205, the Board summarily concluded the examination was adequate,

Appellant's Br. at 9 (citing R. at 10-11). He argues that because the Board is required to consider all issues raised by a claimant, that the failure to address this argument has deprived him of the opportunity to participate in the processing of his claim and is therefore prejudicial error warranting remand. Appellant's Br. at 7, 9-10.

The Secretary concedes that the Board erred by not addressing the appellant's specifically raised argument that the February 2019 tinnitus examination was inadequate. Secretary's Br. at 5-6. The Secretary explained that "after acknowledging [the] [a]ppellant's request for remand based upon an inadequate examination, the Board simply found that the February 2019 examination is adequate without sufficiently explaining why." Secretary's Br. at 5. Additionally, the Secretary noted that the appellant argued before the Board that the "the examiner's opinion is not consistent and increased his burden by requiring hearing loss as a prerequisite for a diagnosis of tinnitus." *Id*. Therefore, the Secretary concedes that remand is warranted to address the appellant's previously raised arguments. *Id.*

The Court agrees with the parties that the Board's error requires remand. The Board stated that "the Veteran requested a remand of this issue due to an inadequate medical examination on February 2019," but then simply concluded that it "finds the examination adequate." R. at 11. The Board's one-sentence statement regarding the adequacy of the 2019 VA examination for tinnitus is nonresponsive to the appellant's argument and renders the Board's reasons or bases inadequate. *See Allday*, 7 Vet.App. at 527. Further, the failure to address the appellant's argument has deprived the veteran of the meaningful opportunity to participate in the processing of his claim and is thus prejudicial error. *See Simmons v. Wilkie*, 30 Vet.App. 267, 281-82 (2018) ("When an error abrogates the essential fairness of the adjudication or deprives a claimant of a meaningful opportunity to participate in the processing of their claim, the error has the 'natural effect' of being prejudicial." (quoting *Shinseki v. Sanders*, 556 U.S. 396, 411 (2009)); *see also Tadlock v. McDonough*, 5 F.4th 1327, 1337 (Fed. Cir. 2021) (stating that prejudicial error review does not permit this Court to "make de novo findings of fact or otherwise resolve matters that are open to debate").

Remand is warranted for the Board to properly address the adequacy of the February 2019 tinnitus examination. *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) ("[W]here the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its

determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy."); *see also Allday*, 7 Vet.App. at 527.

### B. Service Connection for Dizziness and Vertigo

The appellant argues that the Board's reasons or bases for denying service connection for dizziness and vertigo were inadequate because, despite his argument made before the Board that the 2019 VA examination for dizziness and vertigo was inadequate, the Board failed to address this argument and relied on the examination as probative without making an explicit finding as to its adequacy. Appellant's Br. at 7. The appellant also argues before this Court, as he did before the Board, R. at 205-206, that the 2019 VA examination for dizziness and vertigo was inadequate, Appellant's Br. at 7-8. Specifically, he asserts that the examiner did not adequately consider his in-service complaint of dizziness in 2003, instead relying on the medical and lay evidence that his current complaints of vertigo and dizziness began in 2011. *Id*.

In response, the Secretary argues that the Board provided an adequate statement of reasons or bases for its denial of service connection for dizziness and vertigo. Secretary's Br. at 6-7. The Secretary asserts that the Board adequately explained that the appellant "has not provided competent evidence to link the one-time complaint of dizziness in June 2003 to the reported onset of the intermittent dizziness . . . experienced in 2011," nor did he attribute his dizziness in 2011 to the 2003 shoulder injury. Secretary's Br. at 8. Responding to the appellant's argument that the 2019 examination was inadequate, the Secretary asserts that the examiner reviewed the evidence and that there is no reasons-or-bases requirement for medical examiners. Secretary's Br. at 9 ("'There is no requirement that a medical examiner comment on every favorable piece of evidence in a claims file.'"(quoting *Monzingo*, 26 Vet.App. at 105)).

The Court agrees with the Secretary that the Board did not err and that its reasons or bases were adequate in finding that the appellant's current dizziness and vertigo disability was not connected to his military service.

A review of the record shows that the Board did address the appellant's argument that the examination was inadequate, but the Board did not find it persuasive. R. at 11-12 (relying on the February 2019 VA examination (along with the lack of any nexus evidence) as "persuasive and of the greatest probative value" because "[i]t is apparent that the Veteran['s] dizziness and vertigo condition occurred several years after service and therefore service connection is not warranted"); R. at 8. In other words, the Board implicitly found the 2019 examination for dizziness and vertigo

adequate when it assigned probative value to it and relied on it to deny the appellant's claim. Also, the Board's reasons or bases for this determination are adequate because the Board acknowledged the appellant's in-service complaint of dizziness in 2003 and adequately explained why his current disability is not related to the in-service dizziness complaint but instead began with his 2011 diagnosis of intermittent dizziness. R. at 11 (stating that in "a July 2011 audiology consult the Veteran stated that his dizziness and spinning sensation started at the same time months ago from the day of the appointment," and that in 2019 he reported "that he gets dizzy and has ringing in his ears . . . since approximately 2011").

As to the appellant's argument that the 2019 examination for dizziness and vertigo was inadequate, the Court does not find this persuasive. The law does not impose on medical examiners a reasons or bases requirement in the same way it requires the Board to give adequate reasons or bases. *See Acevedo v. Shinseki*, 25 Vet.App. 286, 293 (2010) ("[T]here is no reasons or bases requirement imposed on examiners."). Rather, a medical examiner's rationale "must rest on correct facts and reasoned medical judgment so as [to] inform the Board on a medical question and facilitate the Board's consideration and weighing of the report against any contrary reports." *Id*.

Here, the medical examiner's rationale met this standard by considering the appellant's history of dizziness to conclude that the appellant had a diagnosis of intermittent dizziness that was not related to his service. R. at 688-91. First, the examiner explained that the appellant had been diagnosed with "intermittent dizziness" in 2011, but that his current "claimed condition" was vertigo. R. at 688. The examiner then stated that "the veteran states he gets dizzy and had a ringing in his ears, worse on left since approximately 2011," thereby reporting the onset of his symptoms of vertigo in 2011. R. at 688-89. The examiner also conducted a physical exam with normal results and found a CT scan from June of 2011 to be normal. R. at 689-90. The examiner then concluded, "based on review of recor[d]s," specifically an ENT note from October 2011, that the appellant had "intermittent dizziness, not vertigo," and that this was a postservice condition. R. at 690-91. The examiner relied on the appellant's assertion at the examination that his symptoms of dizziness started in 2011, which the Board found implicitly credible, and the examiner was not required to comment specifically on the 2003 report of dizziness. *Acevedo*, 25 Vet.App. at 293; *see Monzingo*, 26 Vet.App. at 105 ("There is no requirement that a medical examiner comment on every favorable piece of evidence in a claims file."); *see also Miller v. Wilkie*, 32 Vet.App. 249, 261 (2020) ("When the Board has made its decision without finding that the veteran is not competent to report

symptoms and nothing suggests that the Board failed to review the evidence at issue, we may reasonably conclude that it implicitly found the veteran credible."); *Coburn v. Nicholson*, 19 Vet.App. 427, 432 (2006) ("[R]eliance on a veteran's statement renders a medical report incredible only if the Board rejects the statements of the veteran.").

The Court concludes that the 2019 medical examiner's opinion was based on reasoned medical judgment and sufficiently informed the Board to help it consider whether service connection was warranted. *Monzingo*, 26 Vet.App. at 107. Therefore, the Court concludes that the 2019 opinion was adequate, and the Board's weighing thereof was not clearly erroneous. *See id*. at 105; *Stefl*, 21 Vet.App. at 12.

The Board's decision regarding denial of service connection for dizziness and vertigo will therefore be affirmed.

### III. CONCLUSION

Based on the foregoing analysis and a review of the record on appeal, the portion of the May 4, 2020, Board decision denying service connection for tinnitus is VACATED, and the claim is REMANDED for further proceedings consistent with this decision. The portion of the May 4, 2020, Board decision denying service connection for dizziness and vertigo is AFFIRMED.

DATED: November 17, 2021

Copies to:

Adam R. Luck, Esq.

VA General Counsel (027)